**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| DONGGUAN JIAJIESHI TECHNOLOGY CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> FUNTIN, et al., <br><br> Defendants. | Civil Action No. <br> 1-26-cv-00439-SDG |

### DEFENDANT ZCZHI'S MOTION TO DISMISS AND MOTION TO SEVER FOR IMPROPER JOINDER PURSUANT TO 35 U.S.C. § 299 AND FED. R. CIV. P. 21

Defendant ZCZHI ("Defendant") by and through its undersigned counsel, hereby respectfully moves this Court pursuant to Federal Rules of Civil Procedure 12(b)(6) and 21, and 35 U.S.C. § 299, for an order:

1.    Dismissing the Complaint with prejudice as to Defendant because Plaintiff Dongguan Jiajieshi Technology Co., Ltd. ("Plaintiff") has not asserted a plausible claim for infringement; and

2.    Severing the claims against all defendants for improper joinder under 35 U.S.C. § 299 and Fed. R. Civ. P. 21 (or, alternatively, dismissing the entire action as to Defendant).

DEFENDANT ZCZHI'S MOTION TO DISMISS AND    Civil Action No. 1:26-cv-00439-SDG
MOTION TO SEVER FOR IMPROPER JOINDER

In support thereof, Defendant respectfully states as follows:

## I.   INTRODUCTION AND PROCEDURAL BACKGROUND

On January 22, 2026, Plaintiff filed this patent-infringement action alleging that various e-commerce sellers, including Defendant, infringe U.S. Patent No. 12,402,770 (the "'770 Patent"), and Design Patent No. D1,048,627 (the "'627 Patent") (collectively the "Asserted Patents") Dkt. No. 1.

Plaintiff filed this mass patent-infringement action against twenty-six (26) unrelated e-commerce sellers, alleging infringement of the Asserted Patents. The Complaint's allegations of "substantially identical infringing products" that are allegedly "likely from the same manufacturer" are conclusory and entirely insufficient to satisfy the strict joinder requirements of 35 U.S.C. § 299. Defendant is an independent third-party seller operating on Amazon. Defendant has no affiliation, agreement, or coordination with any other defendant in this case. The products offered by Defendant are independently sourced and differ in specific features, manufacturer, and design from products offered by other defendants. As such, there are no common questions of law and fact between the disparate accused products.

Separately, Plaintiff has not given the Defendant adequate notice of its claim for infringement and the grounds upon which it rests. Plaintiff has shifted its infringement theory against this Defendant several times already in this case,

2

bringing into question whether Plaintiff performed any, let alone an adequate, pre-suit investigation as to this Defendant. In fact, Defendant's product that Plaintiff claims infringes its patents is not even the same, and is materially different from, the exemplary accused product analyzed by Plaintiff in the Complaint. Plaintiff's constantly evolving infringement theories and own explanations accompanying its revised infringement claim charts demonstrate that Plaintiff has not plausibly alleged infringement. Plaintiff's inconsistent contentions not only fail to provide fair notice to Defendant of Plaintiff's infringement theory but also reveal factual inconsistencies that are fatal to its infringement case.

## II.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," which requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (*citing Twombly*, 550 U.S. at 556).

In patent cases, "a plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the [patent] claim elements and

DEFENDANT ZCZHI'S MOTION TO DISMISS AND          Civil Action No. 1:26-cv-00439-SDG
MOTION TO SEVER FOR IMPROPER JOINDER

merely concluding that the accused product has those elements. There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021).

### III.   ARGUMENT

### A.   Plaintiff Has Not Provided Fair Notice for an Infringement Claim

Plaintiff's Complaint fails to provide Defendant "fair notice of what the [infringement] claim is and the ground upon which it rests." *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007)). Moreover, the Federal Circuit in *Bot M8* made clear that a plaintiff may plead itself out of court by providing claim charts that include factual allegations inconsistent with infringement. *See Bot M8 LLC*, 4 F.4th 1342, 1353 ("it is the *quality* of the allegations, not the *quantity*, that matters. And unfortunately for Bot M8, its allegations, which take a 'kitchen sink' approach to pleading, reveal an inconsistency that is fatal to its infringement case.").

Plaintiff filed this patent-infringement action alleging that defendants, which operate competing stores on Amazon.com, infringe the Asserted Patents through "substantially identical infringing products." (Compl. ¶ 5). Attached to Plaintiff's Complaint were two claim charts—one for each of the Asserted Patents against an

DEFENDANT ZCZHI'S MOTION TO DISMISS AND          Civil Action No. 1:26-cv-00439-SDG
MOTION TO SEVER FOR IMPROPER JOINDER

allegedly "exemplary" floor cleaning pad product. *See* **Exs. B, E to the Declaration of Joseph W. Droter ("Droter Decl.")**. The claim charts provided in the Complaint of the purported "exemplary" product simply do not give Defendant notice of Plaintiff's infringement allegations.

> Claim 1 of the '770 Patent recites, inter alia:
>
> A floor cleaning pad . . . the function layer comprises at least three parts, and each part comprises at least two layers; . . . wherein the three parts comprise a first part, a second part, and a third part; . . . <u>wherein a length of the first strips on the second part is greater than that of the first strips on the first part and that of the first strips on the third part</u>.

*See* **Droter Decl. Ex. A** (emphasis added).

First, Plaintiff did not include any claim chart for the product sold by Defendant (the "Accused Product") in its Complaint. Rather, Plaintiff provided an "exemplary infringement chart [] attached as Exhibit 5" for the '770 Patent. *See* **Droter Decl. Ex. B**. However, the product charted by Plaintiff is not related to the Accused Product; the Accused Product has several substantial differences from the "exemplary" product that alter any infringement allegations. That purported "exemplary" claim chart, supposedly representative of all accused products in this case, provided for the limitation "a length of the first strips on the second part is greater than that of the first strips on the first part" the following:

DEFENDANT ZCZHI'S MOTION TO DISMISS AND
MOTION TO SEVER FOR IMPROPER JOINDER

Civil Action No. 1:26-cv-00439-SDG

| [1k] wherein a length of the first strips on the second part is greater than that of the first strips on the first part and that of the first strips on the third part. | The Infringing Products comprise a length of the first strips on the second part is greater than that of the first strips on the first part and that of the first strips on the third part. In this depiction of the exemplary Infringing Product, the first strips on the second part colored in purple are clearly greater in length than that of the first strips on the first part and that of the first strips on the third part. |
|---|---|
| |  |

***See* Droter Decl. Ex. B at 14**.  According to this limitation, a length of the strips on the second part (shown in purple in the "exemplary" product above) must be greater than the length of strips on the first part (the top layer of white strips). Defendant added annotations to the above chart to demonstrate how the "exemplary" product is alleged to meet this limitation. But the Accused Product, and the relative length of its strips, differs significantly from what is shown in the "exemplary" product— as may be expected given that they are unrelated products.

That claim chart attached to the Complaint by Plaintiff of the purported "exemplary product" simply does not provide fair notice of Plaintiff's infringement theory for Defendant's Accused Product. Defendant's Accused Product has material differences from the "exemplary product" charted by Plaintiff. This can best be demonstrated by a subsequent claim chart that Plaintiff provided to Defendant that

DEFENDANT ZCZHI'S MOTION TO DISMISS AND MOTION TO SEVER FOR IMPROPER JOINDER    Civil Action No. 1:26-cv-00439-SDG

allegedly maps the '770 Patent against the Accused Product. When Defendant requested a claim chart as to its actual Accused Product in order to understand Plaintiff's infringement allegations, rather than the alleged "exemplary" product, Plaintiff provided the following for this limitation:



| [1k] wherein a length of the first strips on the second part is greater than that of the first strips on the first part and that of the first strips on the third part. | The Infringing Products comprise a length of the first strips on the second part is greater than that of the first strips on the first part and that of the first strips on the third part. In this depiction of the exemplary Infringing Product, the first strips on the second part colored in purple are clearly greater in length than that of the first strips on the first part and that of the first strips on the third part. |
|---|---|

*See* **Droter Decl. Ex. C at 13** ("First Supplemental Claim Chart"). (Droter Decl. ¶ 2, Ex. C).  To be clear, the annotations shown above in First Supplemental Claim Chart were made by Plaintiff. And yet, even by Plaintiff's own interpretation, the length of the first strips on the "first part" (the top white layer) are greater than the "second part" (the middle purple layer), as can clearly be seen in the Accused Product and by the brackets annotated by Plaintiff. Plaintiff's own annotations in its

7

First Supplemental Claim Chart are completely inconsistent with the claim language. Specifically, Plaintiff's annotations depict the strips on the "first part" as longer than those on the "second part," despite the claim language requiring the opposite. Claim 1 of the '770 Patent requires the strips of the second part must be greater than the first part—"<u>wherein a length of the first strips on the second part is greater than that of the first strips on the first part and that of the first strips on the third part</u>." **Droter Decl., Ex. A**. After Defendant raised concerns regarding these inconsistencies in the First Supplemental Claim Chart, Plaintiff supplied yet another revised chart:

| [1k] wherein a length of the first strips on the second part is greater than that of the first strips on the first part and that of the first strips on the third part. | The Infringing Products comprise a length of the first strips on the second part is greater than that of the first strips on the first part and that of the first strips on the third part. In this depiction of the exemplary Infringing Product, the first strips on the second part colored in purple are clearly greater in length than that of the first strips on the first part and that of the first strips on the third part. |
| --- | --- |
| |  |

DEFENDANT ZCZHI'S MOTION TO DISMISS AND
MOTION TO SEVER FOR IMPROPER JOINDER

Civil Action No. 1:26-cv-00439-SDG

*See* **Droter Decl. Ex. D at 13** ("Second Supplemental Claim Chart"); (Droter Decl. ¶ 3-4, Ex. D). Plaintiff's counsel explained that Plaintiff had retaken and relabeled certain images and had physically repositioned portions of the product in the revised chart to illustrate Plaintiff's infringement theory regarding the asserted strip-length limitation. (Droter Decl. ¶ 4). While in this Second Supplemental Claim Chart, Plaintiff's annotations themselves seem to indicate that the "length of the first strips on the second part" are greater than the "first part," a cursory review of the Accused Product still shows that the "first strips on the first part" are longer than the "second part." Below is an enlarged view of Plaintiff's Second Supplemental Claim Chart for this limitation:



*See* **Droter Decl. Ex. D at 13**. To demonstrate Plaintiff's mistake and unsupportable infringement claim, Defendant has added the orange bracket to show the entire length of the strips on the first part of its Accused Product as used by Plaintiff in its Second Supplemental Claim Chart.

DEFENDANT ZCZHI'S MOTION TO DISMISS AND
MOTION TO SEVER FOR IMPROPER JOINDER

Civil Action No. 1:26-cv-00439-SDG

Plaintiff's evolving and internally inconsistent infringement theories fail to plausibly allege infringement. *See Bot M8*, 4 F.4th 1342, 1354 (Fed. Cir. 2021) ("it is the *quality* of the allegations, not the *quantity*, that matters"). Plaintiff's inconsistencies—both in terms of factual allegations that are inconsistent with infringement and its ever shifting and inconsistent factual allegations themselves—are fatal to its infringement case. *See Bot M8 LLC*, 4 F.4th 1342, 1353 (a plaintiff may plead itself out of court where its own allegations reveal inconsistencies fatal to infringement). Plaintiff's shifting allegations have not only failed to put Defendant on notice under the *Iqbal/Twombly* standard, but have also demonstrated clearly how the Accused Product does not meet this limitation, and thus Plaintiff has plead itself out of a plausible case for infringement.

Furthermore, regarding the '627 Patent, Plaintiff has only ever provided to Defendant its original claim chart attached to the Complaint, charting against a purported "exemplary" product. ***See* Droter Decl. Ex. E.** Due to the differences between the Accused Product and the "exemplary" product, Defendant does not have fair notice for how the Accused Product is alleged to infringe. The claim charts provided by Plaintiff also demonstrate glaring inconsistencies between the '627 Patent and the Accused Product, which Plaintiff has failed to account for. Below is a screen shot of Plaintiff's infringement claim chart from the Complaint for the '627 Patent and an exemplary accused product. That exemplary product is not

10

DEFENDANT ZCZHI'S MOTION TO DISMISS AND   Civil Action No. 1:26-cv-00439-SDG
MOTION TO SEVER FOR IMPROPER JOINDER

Defendant's actual Accused Product.



FIG. 9

*See* **Droter Decl. Ex. E at 11**. An actual comparison of Defendant's Accused Product to the claim of the '627 Patent shows that the design of Defendant's Accused Product is completely different from the exemplary product and wholly distinguishable from the claimed design. *Compare* **Ex. D at 13** *with* **Ex. E at 11**.

The standard for infringement of a design patent is "whether an ordinary observer, familiar with the prior art [patented] designs, would be deceived into believing the [accused product] is the same as the patented [design]." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (2008). Not only is the Accused Product materially different from the "exemplary" product, but no ordinary observer could be deceived into believing that the Accused Product is the same as the claimed

11

design of the '627 Patent. As can be seen below, the strips of the Accused Product are rectangular and of block structure, while the '627 Patent design shows wavy or curved strips.



FIG. 9

*Compare* **Ex. D at 13** *with* **Ex. E at 11** (Accused Product and '627 Patent design).

Plaintiff has failed to account for these differences or otherwise articulate how it is plausible that the Accused Product infringes the '627 Patent. The  Complaint fails  to provide fair notice regarding how it is plausible that the Accused Product infringes the Asserted Patents. Defendant respectfully requests dismissal under Rule 12(b)(6).

DEFENDANT ZCZHI'S MOTION TO DISMISS AND    Civil Action No. 1:26-cv-00439-SDG
MOTION TO SEVER FOR IMPROPER JOINDER

**B.    Joinder of Defendants Is Improper Under 35 U.S.C. § 299; Severance Is Required (Fed. R. Civ. P. 21)**

35 U.S.C. § 299(a) strictly limits joinder in patent cases: Parties that are accused infringers may be joined … only if—

(1)    any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and

(2)    questions of fact common to all defendants or counterclaim defendants will arise in the action.

*See* Section 299(b). This Section expressly provides that joinder may *not* be based "solely on allegations that [defendants] each have infringed the patent." *Id*. The Federal Circuit has clarified that "Claims against different defendants arise out of the same transaction or occurrence when there is a logical relationship between them." *Zhaoyou Chen v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 2025 U.S. Dist. LEXIS 3672, *30 9 (Fed. Cir. 2025) (internal quotation omitted). "Such a relationship requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts.") (*Id*.)

Plaintiff's Complaint contravenes Section 299(b)'s joinder requirements by improperly lumping together twenty-six (26) defendants, accused of disparate acts of infringement all while failing to plausibly allege that the defendants acted collectively, conspired together, or that there is any affiliation or commonality of

13

personnel between any of the defendants. The Complaint alleges only that unrelated Seller Aliases offer "substantially identical products" that "infringe" the Asserted Patents (Compl. ¶ 5). As shown above, Defendant's Accused Product has substantial differences from the "exemplary" accused product that Plaintiff has failed to account for. The allegations of defendants "using the same or substantially similar product images," "same advertising," and "design elements," made in the Complaint are threadbare and conclusory. (*Id*.) That independent e-commerce sellers offer similar-looking floor cleaning pads does not satisfy the "same accused product or process" or "same transaction/occurrence" requirement. Parallel but independent sales simply do not create the required logical relationship.

Furthermore, Plaintiff's claims against each defendant should be severed because there are no common questions of law or fact between the claims. Indeed, the only commonality that Plaintiff alleges is that each defendant at some point allegedly infringed the Asserted Patent with products sourced "likely from the same manufacturer." (*Id*.) Plaintiff does not allege how one defendant's infringement of the Asserted Patents shares any common questions of fact or law with any unaffiliated defendant's infringement. The facts and law underlying each infringement claim against each defendant are completely distinct from the facts and claims against other defendants. See *Oasis Research, LLC v. Carbonite, Inc.*, 2012 U.S. Dist. LEXIS 115718, *16 (E.D. Tex. Aug. 15, 2010) ("each Defendant's

14

accused product is different . . . Under Rule 20, the unrelated Defendants in this case were improperly joined").

Nor can Plaintiff establish joinder merely by alleging that Defendant sells superficially similar products through the same online marketplace. The Federal Circuit has expressly rejected joinder based solely upon allegations of infringement involving similar products. See *In re EMC Corp.*, 677 F.3d 1351, 1359 (Fed. Cir. 2012) ("joinder is not appropriate where different products or processes are involved"). The Federal Circuit further explained that "[u]nless there is an actual link between the facts underlying each claim of infringement, independently developed products using differently sourced parts are not part of the same transaction." *Id*. at 1359. Here, Plaintiff alleges only that unrelated online sellers offer allegedly similar cleaning pads through e-commerce marketplaces. (Compl. ¶ 5). Plaintiff does not allege any actual relationship among defendants, any jointly developed products, any common sourcing arrangements, or any coordinated conduct. Such allegations are insufficient under § 299 and *In re EMC*.

Because joinder is improper, the claims against all defendants should be severed and dismissed without prejudice, or the entire action dismissed as to Defendant.

DEFENDANT ZCZHI'S MOTION TO DISMISS AND       Civil Action No. 1:26-cv-00439-SDG
MOTION TO SEVER FOR IMPROPER JOINDER

## IV.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's claims against Defendant for failure to state a plausible claim for infringement. In the alternative, Defendant respectfully requests that the Court sever the claims against Defendant. Defendant further requests attorney's fees and such other and further relief as the Court deems just and proper.

DATED: May 15, 2026                    Respectfully submitted,

By: */s/ Joseph W. Droter*
Joseph W. Droter (GA Bar No. 170804)
**BAYRAMOGLU LAW OFFICES, LLC**
233 S. Wacker Drive, 44th Floor, #57
Chicago, IL 60606
Tel: (702) 462-5973 | Fax: (702) 553-3404
Joseph@bayramoglu-legal.com
Counsel for Defendant ZCZHI

DEFENDANT ZCZHI'S MOTION TO DISMISS AND            Civil Action No. 1:26-cv-00439-SDG
MOTION TO SEVER FOR IMPROPER JOINDER

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify, pursuant to L.R. 5.1(C) of the Northern District of Georgia, that the foregoing notice complies with the font and point selections approved by the Court in L.R. 5.1(C). The foregoing motion was prepared on a computer using 14-point Times New Roman font.

Dated: May 15, 2026                        Respectfully submitted,

                                                By: */s/ Joseph W. Droter*
                                                Joseph W. Droter

DEFENDANT ZCZHI'S MOTION TO DISMISS AND          Civil Action No. 1:26-cv-00439-SDG
MOTION TO SEVER FOR IMPROPER JOINDER

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on May 15, 2026, I electronically filed the foregoing with the Clerk of the Court using he CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

Dated: May 15, 2026                    Respectfully submitted,

                                       By: */s/ Joseph W. Droter*
                                       Joseph W. Droter

DEFENDANT ZCZHI'S MOTION TO DISMISS AND      Civil Action No. 1:26-cv-00439-SDG
MOTION TO SEVER FOR IMPROPER JOINDER