# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |  |
|---|---|---|
| DONGGUAN JIAJIESHI TECHNOLOGY CO., LTD., | ) ) ) | |
| Plaintiff, | ) ) ) | Case No.: 1:26-CV-00439-SDG |
| v. | ) ) | |
| FUNTIN, YOKANE, AIR U+, LYASILGC ONLINE, ZCZHI, DXS-STORE, GVMM-US, JOTENBO, G-FRED, MIBUMIKI-US, KAMITALY, DONGGUAN SHI ZHONGCHUANGTONG DIANZI YOUXIAN GONGSI, UCEC, AWAYDD SALE, DERXIALIER US, XINZHIDANO1, AOYDR, YIPOCH, RENSHANKJ, HISUCBETTER, HYPHENX, ZELTAUTO, USMILEMUNA, ASHSAJKD, MATFORCA DIRECT, FENGLV LTD, CANAVY HOME CARE, KEEPOW, and HUIZEON, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## ANSWERING DEFENDANTS SHENZHEN XIAOYANJINGHUA TECHNOLOGY CO., LTD. AND SHENZHENSHI DINGXINSHENG TECHNOLOGY CO., LTD.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT

COME NOW Answering Defendants Shenzhen Xiaoyanjinghua Technology

Co., Ltd. d/b/a AIR U+ and Shenzhenshi Dingxinsheng Technology Co., Ltd. d/b/a

Dxs-store (collectively, "Answering Defendants"), by and through their undersigned

1

counsel, and respond to the allegations in Plaintiff Dongguan Jiajieshi Technology Co., Ltd.'s ("Plaintiff" or "Jiajieshi") Complaint and assert Counterclaims as follows:

Anything alleged by Plaintiff in its Complaint that is not expressly admitted is hereby denied. Any express admission below is admitted only as to the particular identified fact(s) and not as to any purported conclusions, characterizations, implications, or speculations that may arguably follow from the admitted fact(s). Answering Defendants further deny that Plaintiff is entitled to the relief requested or any other relief.

**RESPONSE TO INITIAL PARAGRAPH**

The first unnumbered paragraph of the Complaint does not appear to be a statement of fact, and therefore, a response is not required. But if it contains any facts, Answering Defendants deny those facts. Specifically, Answering Defendants deny that Answering Defendants directly or indirectly infringe U.S. Design Patent No. D1,048,627 (the "D627 Patent") and U.S. Patent No. 12,402,770 (the "'770 Patent") (collectively, the "Asserted Patents") because Answering Defendants' products do not directly or indirectly infringe the D627 Patent under the ordinary observer test, nor do they directly or indirectly infringe the '770 Patent literally and/or under the doctrine of equivalents.

**RESPONSE TO "INTRODUCTION"**

1.    The allegations of Paragraph 1 contain legal conclusions to which no

2

response is required. To the extent a response is required, Answering Defendants deny the allegations in Paragraph 1 as they relate to Answering Defendants. Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 1, and on that basis deny them.

## RESPONSE TO "JURISDICTION AND VENUE"

2.     The allegations of Paragraph 2 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in Paragraph 2.

3.     The allegations of Paragraph 3 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that certain products at issue are offered for sale and sold in the United States through Answering Defendants' U.S. online storefronts. Except as expressly admitted, Answering Defendants deny the allegations in Paragraph 3 as they relate to Answering Defendants. Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 3, and on that basis deny them.

4.     The allegations of Paragraph 4 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in Paragraph 4.

3

5. The allegations of Paragraph 5 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in Paragraph 5 as they relate to Answering Defendants. Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 5, and on that basis deny them.

## RESPONSE TO "THE PARTIES"

6. Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 6 of the Complaint, and on that basis deny them.

7. Answering Defendants admit that they are foreign companies organized under the laws of the People's Republic of China and that certain products at issue are offered for sale and sold in the United States through Answering Defendants' U.S. online storefronts. Except as expressly admitted, Answering Defendants deny the allegations in Paragraph 7 of the Complaint as they relate to Answering Defendants. Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 7, and on that basis deny them.

## RESPONSE TO "BACKGROUND"

8. Answering Defendants are without knowledge sufficient to form a

belief as to the truth or falsity of the allegations set forth in Paragraph 8 of the Complaint, and on that basis deny them.

9.     Answering Defendants admit that two documents purporting to be copies of the '770 Patent and the D627 Patent are attached to the Complaint as Exhibits 2 and 3. Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 9 of the Complaint, and on that basis deny them.

10.     Answering Defendants admit that a copy of a document that purports to be the '770 Patent is attached to the Complaint as Exhibit 2. Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 10 of the Complaint, and on that basis deny them.

11.     Answering Defendants admit that a copy of a document that purports to be the D627 Patent is attached to the Complaint as Exhibit 3. Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 11 of the Complaint, and on that basis deny them.

12.     Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 12 of the Complaint, and on that basis deny them.

13.    Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 13 of the Complaint, and on that basis deny them.

14.    Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 14 of the Complaint, and on that basis deny them.

15.    Answering Defendants deny the allegations in Paragraph 15 as they relate to Answering Defendants. Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 15, and on that basis deny them.

16.    Answering Defendants deny the allegations in Paragraph 16 as they relate to Answering Defendants. Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 16, and on that basis deny them.

17.    Answering Defendants deny the allegations in Paragraph 17 as they relate to Answering Defendants. Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 17, and on that basis deny them.

18.    Answering Defendants deny the allegations in Paragraph 18 as they relate to Answering Defendants. Answering Defendants are without knowledge

sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 18, and on that basis deny them.

19. Answering Defendants deny the allegations in Paragraph 19 as they relate to Answering Defendants. Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 19, and on that basis deny them.

20. Answering Defendants deny the allegations in Paragraph 20 as they relate to Answering Defendants. Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 20, and on that basis deny them.

21. Answering Defendants deny the allegations in Paragraph 21 as they relate to Answering Defendants. Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 21, and on that basis deny them.

22. Answering Defendants deny the allegations in Paragraph 22 as they relate to Answering Defendants. Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 22, and on that basis deny them.

**RESPONSE TO
"COUNT I: DESIGN PATENT INFRINGEMENT
(35 U.S.C. § 271)"**

23. Paragraph 23 of the Complaint does not contain any allegations requiring a response. To the extent that a response is required, Answering Defendants restate and incorporate by reference their responses to the above paragraphs as if fully set forth herein.

24. Answering Defendants admit that a document identified as Exhibit 4 is attached to the Complaint, and that Paragraph 24 includes images and a chart purporting to compare the D627 Patent with certain products. Answering Defendants deny the remaining allegations set forth in Paragraph 24.

25. Answering Defendants deny the allegations of Paragraph 25 of the Complaint.

26. Answering Defendants deny the allegations of Paragraph 26 of the Complaint.

27. Answering Defendants deny the allegations of Paragraph 27 of the Complaint.

**RESPONSE TO**
**"COUNT II: UTILITY PATENT INFRINGEMENT**
**(35 U.S.C. § 271)"**

28. Paragraph 28 of the Complaint does not contain any allegations requiring a response. To the extent that a response is required, Answering Defendants restate and incorporate by reference their responses to the above paragraphs as if fully set forth herein.

29.     Answering Defendants deny the allegations of Paragraph 29 of the Complaint.

30.     Answering Defendants deny the allegations of Paragraph 30 of the Complaint.

31.     Answering Defendants deny the allegations of Paragraph 31 of the Complaint.

## RESPONSE TO "PRAYER FOR RELIEF"

No response is required to Plaintiff's prayer for relief. To the extent that a response is deemed required, Plaintiff is not entitled to the requested relief identified in its Prayer for Relief, or any other relief in connection with this civil action. Plaintiff's request should therefore be denied in its entirety and with prejudice.

## RESPONSE TO "DEMAND FOR JURY TRIAL"

No response is required to Plaintiff's demand for a trial by jury in this case. To the extent a response is deemed required, Answering Defendants admit that Plaintiff has requested a jury trial. If this case proceeds to trial, Answering Defendants also demand a trial by jury on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Subject to the responses above, Answering Defendants allege and assert the following affirmative defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative

9

defenses by law and without reducing or removing Plaintiff's burden of proof on its affirmative claims against Answering Defendants, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to their responses above, Answering Defendants specifically reserve all rights to add additional defenses and/or supplement their defenses.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff fails to state a claim against Answering Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

Answering Defendants have not infringed and do not infringe directly or indirectly any valid, enforceable, asserted claim of the D627 Patent under the ordinary observer test or any theory of infringement.

Answering Defendants have not infringed and do not infringe directly or indirectly any valid, enforceable, asserted claim of the '770 Patent, either literally or under the doctrine of equivalents, or under any theory of infringement.

## THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

Any asserted claim of the D627 Patent is invalid for failure to comply with one or more conditions of patentability under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, 171, and/or 112.

Any asserted claim of the '770 Patent is invalid for failure to comply with one or more conditions of patentability under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FOURTH AFFIRMATIVE DEFENSE
**(Prosecution History Disclaimer and Estoppel)**

Plaintiff is barred, based on statements, representations, and admissions made during prosecution of the patent applications resulting in the Asserted Patents or related patent applications, from asserting any interpretation of any valid, enforceable claims of the Asserted Patents that would be broad enough to cover any accused instrumentality alleged to infringe the asserted claims, whether, as applicable, under the ordinary observer test, literally, by application of the doctrine of equivalents, or under any theory of infringement.

### FIFTH AFFIRMATIVE DEFENSE
**(Equitable Defenses)**

Plaintiff's attempted enforcement of the Asserted Patents against Answering Defendants is barred by one or more of the equitable doctrines of estoppel, prosecution laches, acquiescence, waiver, implied license, and unclean hands.

### SIXTH AFFIRMATIVE DEFENSE
**(No Entitlement to Damages and Profits)**

Plaintiff is not entitled to recover damages, including damages adequate to compensate for any alleged infringement under 35 U.S.C. § 284, or any profits from Answering Defendants under 35 U.S.C. § 289.

11

## SEVENTH AFFIRMATIVE DEFENSE
### (Limitations on Damages)

On information and belief, Plaintiff's claims for relief are limited or barred, in whole or in part, by 35 U.S.C. §§ 286, 287, and/or 288.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Exceptional Case)

Plaintiff cannot prove that this is an exceptional case justifying an award of attorneys' fees against Answering Defendants under 35 U.S.C. § 285.

## NINTH AFFIRMATIVE DEFENSE
### (No Entitlement to Interest, Costs, and Treble Damages)

Plaintiff's claims for interest, costs, and treble damages under 35 U.S.C. § 284 are barred by law.

## TENTH AFFIRMATIVE DEFENSE
### (No Punitive Damages)

Plaintiff fails to allege facts sufficient to allow recovery of punitive damages from Answering Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE
### (No Injunctive Relief)

Plaintiff is not entitled to injunctive relief because, *inter alia*, it has an adequate remedy at law for the alleged infringement and no irreparable injury.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Entitlement to Third Party Relief)

Plaintiff is not entitled to any order requiring third parties to cease providing

12

services, disable accounts, remove listings, cease displaying advertisements, or take other actions against Answering Defendants.

## RESERVATION OF AFFIRMATIVE DEFENSES

Answering Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses at law or in equity that may exist now or that may be available in the future, including (but not limited to) those based on discovery and further factual investigation in this action. Assertion of a defense is not a concession that Answering Defendants have the burden of proving the matter asserted.

## COUNTERCLAIMS

In accordance with Rule 13 of the Federal Rules of Civil Procedure, Shenzhen Xiaoyanjinghua Technology Co., Ltd. d/b/a AIR U+ and Shenzhenshi Dingxinsheng Technology Co., Ltd. d/b/a Dxs-store (collectively, "Counterclaimants") hereby allege and assert the following Counterclaims against Dongguan Jiajieshi Technology Co., Ltd. ("Counterclaim Defendant" or "Jiajieshi").

## THE PARTIES

1.      Counterclaimant Shenzhen Xiaoyanjinghua Technology Co., Ltd. is a company organized and existing under the laws of the People's Republic of China, with its principal place of business located outside of this country.

2.      Counterclaimant Shenzhenshi Dingxinsheng Technology Co., Ltd. is a

13

company organized and existing under the laws of the People's Republic of China, with its principal place of business located outside of this country.

3.    According to Counterclaim Defendant's Complaint (Dkt. No. 1) ("Complaint") at ¶ 6, Counterclaim Defendant is a business entity with a principal place of business in Dongguan, China.

## JURISDICTION AND VENUE

4.    These Counterclaims arise under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* This Court has subject matter jurisdiction over Counterclaimants' Counterclaims under 28 U.S.C. §§ 1331, 1338, 2201, and 2202. An actual controversy exists under the Declaratory Judgment Act because Counterclaim Defendant alleges that certain products of Counterclaimants (the "Accused Products") infringe U.S. Patent Nos. D1,048,627 (the "D627 Patent") and 12,402,770 (the "'770 Patent") (collectively, the "Asserted Patents"), and Counterclaimants deny those allegations.

5.    This Court has personal jurisdiction over Counterclaim Defendant because Counterclaim Defendant voluntarily filed this case in this District.

6.    To the extent venue is found to be appropriate for Counterclaim Defendant's claims against Counterclaimants, then venue for purposes of Counterclaimants' Counterclaims set forth herein is proper in this District under 28

U.S.C. §§ 1391(b)-(c) and 1400(b) because: (1) this action was filed in this district by Counterclaim Defendant, and Counterclaim Defendant has thus submitted to personal jurisdiction in this Court and has consented to this venue; and (2) the present Counterclaims are in response to the allegations raised in Counterclaim Defendant's Complaint.

## COUNTERCLAIM I: NON-INFRINGEMENT OF THE D627 PATENT

7.    Counterclaimants incorporate by reference and reallege the allegations above.

8.    Counterclaim Defendant alleges in its Complaint that it is the named applicant and assignee of the D627 Patent, and alleges that Counterclaimants' Accused Products infringe the D627 Patent.

9.    Counterclaimants do not and never have infringed any valid and enforceable claim of the D627 Patent.

10.    A valid and justiciable controversy exists between Counterclaimants and Counterclaim Defendant. Counterclaimants desire a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

11.    Counterclaimants are entitled to a declaratory judgment that they have not infringed and are not infringing any valid and enforceable claim of the D627 Patent.

## COUNTERCLAIM II: INVALIDITY OF THE D627 PATENT

12.    Counterclaimants incorporate by reference and reallege the allegations above.

13.    On information and belief, any asserted claim of the D627 Patent is invalid for failure to comply with the conditions for patentability as set forth in 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, 171, and/or 112.

14.    By filing the patent infringement Complaint and seeking relief for alleged infringement of the D627 Patent, Counterclaim Defendant necessarily relies on the premise that the D627 Patent is valid and enforceable.

15.    A valid and justiciable controversy exists between Counterclaimants and Counterclaim Defendant. Counterclaimants desire a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

16.    Counterclaimants are entitled to a declaratory judgment that any asserted claim of the D627 Patent is invalid.

## COUNTERCLAIM III: NON-INFRINGEMENT OF THE '770 PATENT

17.   Counterclaimants incorporate by reference and reallege the allegations above.

18.   Counterclaim Defendant alleges in its Complaint that it is the named applicant and assignee of the '770 Patent, and alleges that Counterclaimants' Accused Products infringe the '770 Patent.

19.   Counterclaimants do not and never have infringed any valid and enforceable claim of the '770 Patent.

20.   A valid and justiciable controversy exists between Counterclaimants and Counterclaim Defendant. Counterclaimants desire a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

21.   Counterclaimants are entitled to a declaratory judgment that they have not infringed and are not infringing any valid and enforceable claim of the '770 Patent.

## COUNTERCLAIM IV: INVALIDITY OF THE '770 PATENT

22.   Counterclaimants incorporate by reference and reallege the allegations above.

23.   On information and belief, any asserted claim of the '770 Patent is

17

invalid for failure to comply with the conditions for patentability as set forth in 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, and/or 112.

24.    By filing the patent infringement Complaint and seeking relief for alleged infringement of the '770 Patent, Counterclaim Defendant necessarily relies on the premise that the '770 Patent is valid and enforceable.

25.    A valid and justiciable controversy exists between Counterclaimants and Counterclaim Defendant. Counterclaimants desire a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

26.    Counterclaimants are entitled to a declaratory judgment that any asserted claim of the '770 Patent is invalid.

## PRAYER FOR RELIEF

**WHEREFORE**, Counterclaimants request the following relief:

A.    That the Court enter judgment against Counterclaim Defendant and in favor of Counterclaimants on the claims set forth in Counterclaim Defendant's Complaint, and that each claim be dismissed with prejudice;

B.    That the Court enter judgment declaring that Counterclaimants have not infringed and do not infringe any valid and enforceable claim of the Asserted Patents;

18

C.      That the Court enter judgment declaring that each asserted claim of the Asserted Patents is invalid;

D.      That the Court determine that, pursuant to 35 U.S.C. § 285, Counterclaim Defendant's conduct in commencing and pursuing this action renders this an exceptional case and award Counterclaimants their reasonable attorneys' fees, as well as their costs and disbursements in this action;

E.      That the Court grant Counterclaimants an award of pre-judgment and post-judgment interest; and,

F.      That the Court grant Counterclaimants such other and further relief, in law or in equity, as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Counterclaimants hereby demand a trial by jury on all issues so triable.

Dated: May 18, 2026                    Respectfully submitted,

                                       **YOUNGZEAL LLP**

                                       */s/ Shaoyi Che*
                                       Shaoyi Che
                                       TX Bar No. 24139843*
                                       *(\*Pro Hac Vice application forthcoming)*
                                       Email:  che@yzlaw.com
                                       Tianqin Zhao
                                       DC Bar No. 90027862*
                                       *(\*Pro Hac Vice application forthcoming)*
                                       Email:  zhao@yzlaw.com

19

9355 John W. Elliott Dr, Ste 25555
Frisco, TX 75033
Telephone: (717) 440-3382

**THE SANDIFER LAW FIRM, LLC**

 */s/ John W. Sandifer*
John W. Sandifer
Georgia Bar No. 626026
Email:  jsandifer@sandifer-law.com
125 Clairemont Avenue, Suite 420
Decatur, Georgia 30030
Telephone: (404) 995-9000
Facsimile:  (404) 995-9100

*Counsel for Shenzhen Xiaoyanjinghua Technology Co., Ltd. d/b/a AIR U+ and Shenzhenshi Dingxinsheng Technology Co., Ltd. d/b/a Dxs-store*

20

## CERTIFICATION OF SERVICE

I hereby certify that on May 18, 2026, the foregoing ANSWERING DEFENDANTS SHENZHEN XIAOYANJINGHUA TECHNOLOGY CO., LTD. AND SHENZHENSHI DINGXINSHENG TECHNOLOGY CO., LTD.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT was filed using the Court's CM/ECF system, which will automatically give notice to all attorneys of record.

By: */s/ Shaoyi Che*
Shaoyi Che

21