**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| Dongguan Jiajieshi Technology Co. Ltd.,<br><br>                    *Plaintiff*,<br><br>        v.<br><br>Funtin, et al.<br><br><br>                    *Defendants*. | Civil Action No. 1-26-cv-00439-SDG |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANT ZCZHI'S MOTION TO DISMISS AND SEVER**

Plaintiff Dongguan Jiajieshi Technology Co. Ltd. ("DJT" or "Plaintiff"), by and through undersigned counsel, respectfully submits this response in opposition to Defendant ZCZHI's ("Defendant") motion to dismiss and motion to sever (Dkt. No. 25) ("Motion").

## I.   INTRODUCTION

The Motion should be summarily denied. The pleadings more than meet the fair notice and plausibility pleading standards of *Twombly* and *Iqbal*. The pleadings contain sufficient factual matter, accepted as true, to state infringement claims for relief that are plausible on their face. Plaintiff has more than pled actual content that allows this Court to draw the reasonable inference that Defendant is liable for the alleged infringement. Defendant erroneously relies on extraneous documents, which

should not even properly be considered on a motion to dismiss, to make non-infringement arguments that are more appropriate for a summary judgment motion. Still, even if Plaintiff failed to meet the pleading standard, the proper remedy is granting leave to amend the complaint, not dismissal.

As for joinder, joinder is proper under 35 U.S.C. § 299 as the claims arise out of the same series of transactions related to the selling of the same or similar accused products. Moreover, common questions of fact, such as infringement and validity, exist. Not severing the parties would further promote judicial economy and is fair. Finally, if joinder is improper, severance and consolidation, not dismissal, are the proper remedy.

## II.    FACTUAL BACKGROUND

Plaintiff is the owner of U.S. Patent No. 12,402,770 ("Utility Patent") and U.S. Design Patent No. D1,048,627 ("Design Patent") (collectively, the "Asserted Patents"). Dkt. No. 1, ¶ 9; *see also* Dkt. No. 1-4 & No. 1-5. The Asserted Patents are both directed to floor cleaning pads. *Id*. Plaintiff is a foreign business entity that develops, manufactures, and sells floor cleaning pads, cleaning articles, and other cleaning solutions thereof. Dkt. No. 1, ¶ 8.

Defendant is alleged to be an Amazon storefront operating from China. Dkt. No. 1, ¶ 7. Defendant is alleged to sell infringing floor cleaning pads, identified by ASINs B0DQ5MS3JL and B0DQ5J9BDR, in violation of the Asserted Patents.

2

*Id.* ¶ 15; *see also* Dkt. No. 1-3 at 259-300. Defendant is further alleged to be part of an interrelated group of Amazon storefronts under the common control of an unknown entity or individual. *Id.*

## III.    PROCEDURAL HISTORY

Plaintiff filed this action on January 22, 2026, for utility and design patent infringement against Defendant and other allegedly interrelated group of Amazon storefronts. Dkt. No. 1. The Complaint clearly defines the accused products (*id.* ¶ 1), identifies the asserted design patent claim (*id.* ¶ 24), identifies the asserted utility patent claim (*id.* ¶ 30), provides an exemplary claim chart of the accused products and the design patent (Dkt. No. 1-6), and provides an exemplary claim chart of the accused products and the utility patent (Dkt. No. 1-7).

Defendant was served per the Court's Order and subsequently granted an extension of time in which to answer or otherwise respond to the Complaint. Dkt. No. 18. Defendant filed the current Motion on May 15, 2026, seeking dismissal of the action under Rule 12(b)(6) and severance for improper joinder. Dkt. No. 25.

## IV.    LEGAL STANDARD

### A.    Motion to Dismiss for Failure to State a Patent Claim

Courts deciding substantive patent law questions apply Federal Circuit law and the law of their regional circuit (here, the Eleventh Circuit) to procedural issues. *Alarm.com Inc. v. Hirshfeld*, 26 F.4th 1348, 1354 (Fed. Cir. 2022) ("[A]n issue that

3

presents a substantial question of patent law... is governed by [Federal Circuit] law."); *Winfrey v. United States DOC, PTO*, No. 2024-1260, 2024 U.S. App. LEXIS 24311, at *4 (Fed. Cir. Sep. 25, 2024) ("[R]egional circuit law [applies] to procedural questions that are not themselves substantive patent law issues.").

In accordance with Federal Rule of Civil Procedure 8, "[a] pleading that states a claim for relief must contain... a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). All patent claims "are subject to the pleading requirements set forth in Rule 8, as described in *Iqbal* and *Twombly*." *Hi-Tech Pharms., Inc. v. Hodges Consulting, Inc.*, 230 F. Supp. 3d 1323, 1336 (N.D. Ga. 2016); *see Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021) (applying the *Iqbal*/*Twombly* standard to patent infringement claims). Thus, on a party's motion, a patent infringement complaint may be dismissed under Rule 12(b)(6) if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bot M8*, 4 F.4th at 1352 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Put differently, a plaintiff must plead "actual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This so-called "plausibility standard is not akin to a 'probability requirement'"; rather, the plaintiff must allege sufficient facts such that it is reasonable to expect that discovery will lead to evidence supporting the claim. *Id*. (quoting *Bell Atl. Corp.*

4

*v. Twombly*, 550 U.S. 544, 556 (2007)). To meet this standard in the patent context, "[a] plaintiff is not required to plead infringement on an element-by-element basis." *Bot M8*, 4 F.4th at 1352. The plaintiff need only provide allegations that give the defendant "fair notice of infringement of the asserted patents." *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018). To that end, "[t]he level of detail required in any given case will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device." *Bot M8*, 4 F.4th at 1353. However, "[t]o provide notice, a plaintiff must generally do more than assert that the product infringes the claim; it must show how the defendant plausibly infringes by alleging some facts connecting the allegedly infringing product to the claim elements." *Bos. Sci. Corp. v. Nevro Corp.*, 415 F. Supp. 3d 482, 489 (D. Del. 2019).

When considering a Rule 12(b)(6) motion to dismiss, the court accepts as true the factual allegations in the complaint, drawing all reasonable inferences in the light most favorable to the plaintiff. *Twombly*, 550 U.S. at 555-56. Even so, a complaint offering mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. at 555.

**B.    Joinder in Patent Cases**

Joinder in patent cases is controlled by 35 U.S.C. § 299, which states that joinder is proper if:

> (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
> (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

35 U.S.C. § 299(a); *see* Fed. R. Civ. P. 20. Moreover, under § 299(b), accused infringers may not be joined in one action as defendants based solely on allegations that they each have infringed the patent or patents in suit. 35 U.S.C. § 299(b). There must be a "'logical relationship' between the claims linking the underlying facts." *In re Apple Inc.*, 650 F. Appx. 771, 775 (Fed. Cir. 2015) (quoting *In re EMC Corp.*, 677 F.3d 1351, 1358-59 (Fed. Cir. 2012)). Furthermore, simply having similar products is insufficient. "Unless there is an actual link between the facts underlying each claim of infringement, independently developed products using differently sourced parts are not part of the same transaction, even if they are otherwise coincidentally identical." *In re EMC*, 677 F.3d at 1359. The court may also consider other non-exclusive factors such as "whether the alleged acts of infringement occurred during the same time period, the existence of some relationship among the defendants, the use of identically sourced components, licensing or technology

6

agreements between the defendants, overlap of the products' or processes' development and manufacture, and whether the case involves a claim for lost profits." *Id*. at 1359-60.

The cases make equally clear that the fact that the defendants are independent actors does not preclude joinder as long as their actions are part of the "same transaction, occurrence, or series of transactions or occurrences." *In re EMC*, 677 F.3d at 1356 (quoting § 299). Courts have applied this "transaction or occurrence" requirement using a "case-by-case approach" based on a "flexib[le]... standard [that] enables the federal courts to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding under the provisions of Rule 20." 7 Charles Alan Wright et al., *Federal Practice and Procedure* § 1653 (3d ed. 2001). The Supreme Court has stated that under the Federal Rules of Civil Procedure, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

Joinder is "strongly encouraged," and the Supreme Court has urged that Rule 20 be construed to allow "the broadest possible scope of action consistent with fairness to the parties." *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966).

District courts further have broad discretion to determine whether to sever parties or claims. *See Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002).

## V.    ARGUMENT AND CITATION OF AUTHORITIES

### A.    The Pleadings Provide Fair Notice of Infringement of the Asserted Patents

The pleadings more than meet the fair notice, plausibility pleading standard of *Twombly* and *Iqbal*. The pleadings contain sufficient factual matter, accepted as true, to state infringement claims to relief that are plausible on their face. For example, the Complaint identifies the accused products and alleges what claims of the Asserted Patents are infringed upon. Dkt. No. 1, ¶ 1 (defining accused products), ¶ 24 (identifying asserted design patent claim), ¶ 30 (identifying asserted utility patent claim). Exhibit 1-3 to the Complaint further identifies the accused products sold by Defendant as ASINs B0DQ5MS3JL and B0DQ5J9BDR. Dkt. No. 1-3 at 259-300. Exhibit 4 to the Complaint further identifies an exemplary claim chart outlining the factual allegations of infringement of the asserted design patent. Dkt. No. 1-6. Similarly, Exhibit 5 to the Complaint further identifies an exemplary claim chart outlining the factual allegations of infringement of the asserted utility patent. Dkt. No. 1-7. These detailed factual allegations, accepted as true, state infringement claims that are plausible on their face and give Defendant fair notice of the allegations. *Disc Disease*, 888 F.3d at 1258 (holding that in a case involving "simple technology," the complaint sufficiently stated a patent infringement claim where it

specified the accused products (by name and through photographs) and alleged that those products met each element of at least one claim of the asserted patents). Plaintiff's specific factual allegations show how Defendant plausibly infringes by connecting the allegedly infringing product to the claim elements. At the pleading stage, under *Twombly* and *Iqbal*, nothing more is required.

Defendant's argument that the products charted in Exhibits 4 and 5 are somehow different from their specific products is a red-herring. Plaintiff has alleged that the accused products are all substantially similar and infringe in the same manner. Dkt. No. 1, ¶ 5. Such allegations must be taken as true at the pleading stage as the pleadings must be construed in the light most favorable to Plaintiff. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010). Defendant's argument seeks a factual finding as to infringement, which is clearly not proper at the pleading stage.

In its Motion, Defendant attempts to erroneously turn the plausibility pleading standard into a *probability* requirement. Dkt. No. 25 at 6-12. To begin with, Defendant improperly relies on extraneous claim charts that are not even part of the pleadings in this case. It is well settled that when considering a motion to dismiss pursuant to Rule 12(b)(6), the district court is restrained to consider the allegations within the four corners of the complaint. *See Speaker v. United States HHS CDC &*

9

*Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).[1] Defendant's reliance on these extraneous documents only serves to muddy the waters beyond what Plaintiff actually pled and are not properly considered in deciding the Motion. Defendant's argument that Plaintiff has somehow pled itself out of Court based on claim charts that were never actually pled fails for the same reason. To this point, Defendant cannot point to any infringement inconsistencies in the actual pleadings that would render infringement not plausible, a key distinction with the case of *Bot M8*, 4 F.4th 1342, upon which Defendant heavily relies.

Defendant essentially argues that according to the claim charts actually attached to the Complaint, namely Exhibits 4 and 5, the likelihood of infringement is not probable. For example, Defendant argues that the utility infringement claim is unlikely to succeed because a certain limitation is allegedly not met. *See* Motion at 7-10 (detailing technical non-infringement argument as to claim 1 of the Utility Patent centered around the length of the first strips on the first part being greater than those on the second part). Defendant makes a similar argument as to the Design Patent. *See* Motion at 11-12 (detailing technical non-infringement argument as to the Design Patent because the "strips of the Accused Product are rectangular and of

---

[1]     None of the limited exceptions to this rule apply here as none of the extraneous claim charts cited by Defendant are mentioned in the Complaint or central to Plaintiff's claims. Moreover, these documents were only made as part of settlement discussions and are therefore likely protected under FRE 408. Nor would it be proper to convert the motion into a summary judgment motion under Fed. R. Civ. P. 12(d).

block structure, while the '627 Patent design shows wavy or curved strips.").[2] These arguments as to the *probability* of the infringement claims succeeding have no place in a Rule 12(b)(6) motion. Such arguments essentially convert the Motion into one for summary judgement without a more developed factual record.

Ultimately, this Court cannot resolve the ultimate question of infringement at the pleading stage, as this determination requires the resolution of factual issues. *See ACCO Brands, Inc. v. ABA Locks Mfr. Co.*, 501 F.3d 1307, 1311 (Fed. Cir. 2007) (a determination of infringement is a question of fact). This Court's role at the pleading stage is not to divine whether actual proof of Plaintiff's claims is unlikely.  To the contrary, a motion under Rule "12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556). Defendant ignores this principle and conflates the plausibility standard with that of a probability requirement. These non-infringement arguments simply are unsuitable for resolution at this procedural stage in the case.

---

[2]    Defendant's non-infringement argument does not even apply the correct infringement test for design patents; it highlights small differences in isolation when the proper inquiry is the overall visual impression of the article. This only highlights the factual underpinnings of infringement that are not properly at issue at the pleading stage.

To the extent that the claim charts attached to the Complaint as Exhibits 4 and 5 are found somehow not to apply to Defendant specifically, the proper remedy is not dismissal with prejudice, as Defendant prays. For one thing, detailed claim charts are not even required at the pleading stage. *Bot M8*, 4 F.4th at 1352 ("A plaintiff is not required to plead infringement on an element-by-element basis."). The plaintiff need only provide allegations that give the defendant "fair notice of infringement of the asserted patents." *Disc Disease,* 888 F.3d at 1260. As detailed *supra*, Plaintiff has given more than fair notice of how the accused products infringe the Asserted Patents. Even assuming that detailed claim charts of Defendant's ASINs are required at the pleading stage, leave should be freely given to amend the Complaint to include such charts.

**B.      Joinder is Proper Under 35 U.S.C. § 299**

**1.      The claims arise out of the same series of transactions**

The claims against all the Defendants, including Defendant ZCZHI, arise out of the same series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of similar accused products in the same time period because there is substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant. Joinder of independent defendants is appropriate where the accused products or processes are the same in respects relevant to the patent. *In re EMC*, 677 F.3d at 1356. Here, the

Accused Products are in fact the same in respects relevant to the patent, namely infringement. The Accused Products all infringe the Asserted Patents in the same or similar manner. For example, the design patent claims the ornamental design for a cleaning article. All the Accused Products, including the Accused Products sold by Defendant ZCZHI, comprise a substantially similar ornamental design that infringes in the same manner, implying a common manufacturing source. The same is true regarding the utility patent. This is not a case of improper joinder when defendants are selling different products that infringe in different ways.

### 2. Common questions of fact exist

There exist questions of fact common to all defendants, including Defendant ZCZHI, that will arise in the action. The allegedly infringing acts, which give rise to the individual claims of infringement, share an aggregate of operative facts. Issues such as claim validity, claim infringement, claim construction, and the scope of the Asserted Patents are questions common to all defendants in this case, including Defendant ZCZHI. It is therefore likely that severing Defendant ZCZHI would only lead to an entirely separate, but entirely duplicative, action against this lone defendant.

### 3. Not severing the parties would promote judicial economy and is fair to the parties

To promote judicial economy, the claims against all the defendants should be tried in a single proceeding as the claims are reasonably and logically related. Even

if joinder is not permitted under Rule 20, the district court has considerable discretion to consolidate cases for discovery and for trial under Rule 42 where venue is proper and there is only "a common question of law or fact." Fed. R. Civ. P. 42(a); *see* 9A Wright et al., *supra*, § 2382 ("[T]he existence of a common question by itself is enough to permit consolidation under Rule 42(a), even if the claims arise out of independent transactions."). Common pretrial issues of claim construction and patent invalidity may also be adjudicated together through the multidistrict litigation procedures of 28 U.S.C. § 1407. *See, e.g.*, *In re Cruciferous Sprout Litig.*, 301 F.3d 1343 (Fed. Cir. 2002) (affirming grant of summary judgment of patent invalidity in consolidated cases involving the same three patents).

### 4. Dismissal is not the proper remedy

In the event that this Court finds that joinder is not proper, simply severing Defendant ZCZHI is the proper remedy, not outright dismissal. In such a scenario, the claims against Defendant should simply be severed from the action in the interests of judicial economy as this Court has spent some time in the case and is now familiar with the Asserted Patents and the Accused Products. *See, e.g.*, *Franconia Assocs. v. United States*, 61 Fed. Cl. 335 (2004) (severing claims for improper joinder and then consolidating the newly-created cases for all purposed with the original action).

14

## VI.   CONCLUSION

The Motion should be denied. Plaintiff has more than met the pleading standards despite Defendant's attempt to muddy the waters with extraneous documents that are not part of the pleadings at issue. Moreover, even if there were a pleading deficiency (there is not), it should be cured by an amended complaint, not outright dismissal. Joinder is further proper under the controlling statute, and any misjoinder should be cured by severance and consolidation, not dismissal.

DATED: May 29, 2026                    Respectfully submitted,

By: */s/ Albert M. Myers*
Albert M. Myers
GA Bar No. 002711
*mearsly@gmail.com*
AL MYERS LAW, LLC
Suite 500
1050 Crown Pointe Parkway
Atlanta, GA 30338
(404) 931-7735

Timothy Wang (admitted *pro hac vice*)
Texas Bar No.: 24067927
*twang@nilawfirm.com*
NI, WANG & MASSAND, PLLC
8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

*Counsel for Plaintiff*

15

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify, pursuant to L.R. 5.1(C) and 7.1(D) of the Northern District of Georgia, that the foregoing motion complies with the font and point selections approved by the Court in L.R. 5.1(C). The foregoing motion was prepared on a computer using 14-point Times New Roman font.

DATED: May 29, 2026

By: */s/ Albert M. Myers*
Albert M. Myers
GA Bar No. 002711
*mearsly@gmail.com*
AL MYERS LAW, LLC
Suite 500
1050 Crown Pointe Parkway
Atlanta, GA 30338
(404) 931-7735

16

## CERTIFICATE OF SERVICE

I hereby certify that, on May 29, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

Dated: May 29, 2026

By: */s/ Albert M. Myers*
Albert M. Myers
GA Bar No. 002711
*mearsly@gmail.com*
AL MYERS LAW, LLC
Suite 500
1050 Crown Pointe Parkway
Atlanta, GA 30338
(404) 931-7735