IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Dongguan Jiajieshi Technology Co., Ltd., <br><br> Plaintiff, <br><br> v. <br><br> Funtin et al, <br><br> Defendants, | Case No. 1:26-cv-00439-SDG |

## DEFENDANTS SHENZHEN JUSHENGJI TRADING CO., LTD. D/B/A YOKANE AND NINGBO ZHONGSITENGBO TRADING CO., LTD. D/B/A JOTENBO'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT

Defendants Shenzhen Jushengji Trading Co., Ltd. d/b/a Yokane ("Yokane") and Ningbo Zhongsitengbo Trading Co., Ltd. d/b/a JOTENBO ("JOTENBO") (collectively, "Answering Defendants"), by and through their undersigned counsel, hereby respond to the allegations in Plaintiff Dongguan Jiajieshi Technology Co., Ltd.'s ("Plaintiff" or "Jiajieshi") Complaint and assert Counterclaims as follows:

Anything alleged by Plaintiff in its Complaint that is not expressly admitted is hereby denied. Any express admission below is admitted only as to the particular identified fact(s) and not as to any purported conclusions, characterizations, implications, or speculations that may arguably follow from

1

the admitted fact(s). Answering Defendants further deny that Plaintiff is entitled to the relief requested or any other relief.

## RESPONSE TO "INTRODUCTION"

1. Plaintiff alleges: "Plaintiff files this action to combat foreign infringers who are infringing upon Plaintiff's patented inventions, namely the Patents-in-Suit, by importing, selling, and/or offering for sale the Infringing Products, shown in Exhibit 1. Plaintiff has been and continues to be irreparably damaged as a result of Defendants' infringing actions from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented inventions and seeks injunctive and monetary relief."

RESPONSE: The allegations of Paragraph 1 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in Paragraph 1 as they relate to Answering Defendants. Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 1, and on that basis deny them.

## RESPONSE TO "JURISDICTION AND VENUE"

2. Plaintiff alleges: "This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331."

2

RESPONSE: The allegations of Paragraph 2 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit only that Plaintiff purports to invoke this Court's subject matter jurisdiction under the Patent Act, 28 U.S.C. § 1338, and 28 U.S.C. § 1331. Except as expressly admitted, Answering Defendants deny the allegations in Paragraph 2.

3. Plaintiff alleges: "This Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Georgia, through at least the fully interactive, commercial Internet stores operating on Amazon.com (collectively, the "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Georgia residents by operating one or more commercial, interactive Defendant Internet Stores through which Georgia residents can purchase products featuring Plaintiff's patented design. Each of the Defendants has targeted sales from Georgia residents by operating online stores that offer shipping to the United States, including Georgia, accept payment in U.S. dollars and, on information and belief, has sold products featuring Plaintiff's patented design to residents of Georgia. Each of the Defendants is committing tortious acts in Georgia, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Georgia."

3

RESPONSE: The allegations of Paragraph 3 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit only that Plaintiff named Shenzhen Jushengji Trading Co., Ltd. d/b/a Yokane and Ningbo Zhongsitengbo Trading Co., Ltd. d/b/a JOTENBO as Defendants in this action. Except as expressly admitted, Answering Defendants deny the allegations in Paragraph 3 as they relate to Answering Defendants. Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 3, and on that basis deny them.

4.     Plaintiff alleges: "Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Defendants are believed to not be residents of the United States."

RESPONSE: The allegations of Paragraph 4 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that venue is proper in this Court for purposes of this action. Answering Defendants deny any remaining allegations in Paragraph 4.

5.     Plaintiff alleges: "Joinder in this matter is proper under 35 U.S.C. § 299(a) as the Defendants are all offering for sale the same or substantially identical infringing products, likely from the same manufacturer, and this case will involve common questions of fact to all Defendants. Furthermore, Defendant Internet Stores share unique identifiers, such as using the same or

substantially similar product images, same advertising, design elements and similarities of the infringing products offered for sale, establishing a logical relationship between them and suggesting that Defendants' operation arises out of the same transaction, occurrence, or series of transactions or occurrences."

RESPONSE: The allegations of Paragraph 5 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in Paragraph 5 as they relate to Answering Defendants. Answering Defendants specifically deny that they are under common control with any other Defendant, deny that they acted in concert with any other Defendant, and deny that their alleged conduct arises from the same transaction or occurrence as any other Defendant. Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 5, and on that basis deny them.

RESPONSE TO "THE PARTIES"

6. Plaintiff alleges: "Plaintiff Dongguan Jiajieshi Technology Co., Ltd. is a business entity with a principal place of business in Dongguan, China."

RESPONSE: Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 6 of the Complaint, and on that basis deny them.

7.    Plaintiff alleges: "Upon information and belief, Defendants are Amazon storefronts operating from China. Defendants conduct business throughout the United States, including within the State of Georgia and this Judicial District, through the Defendant Amazon Stores."

RESPONSE: Answering Defendants admit that Shenzhen Jushengji Trading Co., Ltd. does business as Yokane and that Ningbo Zhongsitengbo Trading Co., Ltd. does business as JOTENBO. Except as expressly admitted, Answering Defendants deny the allegations in Paragraph 7 as they relate to Answering Defendants. Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 7, and on that basis deny them.

RESPONSE TO "BACKGROUND"

8.    Plaintiff alleges: "DJT develops and manufactures floor cleaning pads, cleaning articles, and other cleaning solutions thereof. Authentic DJT products are sold by and through their authorized distributors on Amazon.com. One exemplary DJT product is sold by the authorized Amazon store Pure Realm-US with an Amazon Standard Identification Number ("ASIN") of B0D8KRBJZL."

RESPONSE: Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 8, and on that basis deny them.

9.    Plaintiff alleges: "DJT is the named applicant and assignee of the Utility Patent and Design Patent, both directed to floor cleaning articles, true and correct copies of which are attached hereto as Exhibits 2 and 3."

RESPONSE: Answering Defendants admit that two documents purporting to be copies of the '770 Patent and the D627 Patent are attached to the Complaint as Exhibits 2 and 3. Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 9 of the Complaint, and on that basis deny them.

10.    Plaintiff alleges: "The Utility Patent was duly issued on September 2, 2025. Other details of the Utility Patent may be found in Exhibit 2."

RESPONSE: Answering Defendants admit that a copy of a document that purports to be the '770 Patent is attached to the Complaint as Exhibit 2. Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 10 of the Complaint, and on that basis deny them.

11.    Plaintiff alleges: "The Design Patent was duly issued on October 22, 2024. Other details of the Design Patent may be found in Exhibit 3."

RESPONSE: Answering Defendants admit that a copy of a document that purports to be the D627 Patent is attached to the Complaint as Exhibit 3. Answering Defendants are without knowledge sufficient to form a belief as to

the truth or falsity of the remaining allegations set forth in Paragraph 11 of the Complaint, and on that basis deny them.

12.    Plaintiff alleges: "DJT's products include effective scrubbing strips designed for convenient, practical, and versatile use. These products provide efficient cleaning while minimizing the risk of damage to flooring and other hard surfaces. Each product is manufactured using high-quality materials and is engineered to prevent scratching or other harm to a variety of hard surfaces."

RESPONSE: Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 12 of the Complaint, and on that basis deny them.

13.    Plaintiff alleges: "DJT is in full compliance with the virtual patent marking provisions of the America Invents Act, 35 U.S.C. § 287(a)."

RESPONSE: Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 13 of the Complaint, and on that basis deny them.

14.    Plaintiff alleges: "DJT has not granted a license or any other form of permission to Defendants to practice the Design Patent."

RESPONSE: Answering Defendants admit that they have not received an express written license from Plaintiff to practice the D627 Patent. Answering Defendants deny that any license is required because Answering Defendants deny infringement and deny that Plaintiff has established any

valid, enforceable patent rights covering Answering Defendants' products. Answering Defendants deny any remaining allegations in Paragraph 14.

15.    Plaintiff alleges: "On information and belief, Defendants are under common control of one entity or individual. They are an interrelated group of infringers working in active concert to willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the Patents-in-Suit in the same transaction, occurrence, or series of transactions or occurrences. For example, Defendants all sell and/or offer for sale the same Infringing Products with minor variations as well as similar product images and descriptions, as shown in Exhibit 1. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for DJT to learn Defendants' true identities and the exact interworking of their network. In the event that Defendants provide additional credible information regarding their identities, DJT will take appropriate steps to amend the Complaint."

RESPONSE: Answering Defendants deny the allegations in Paragraph 15 as they relate to Answering Defendants. Answering Defendants deny that they are under common control with any other Defendant, deny that they are an interrelated group of infringers, deny that they acted in active concert with any other Defendant, and deny that they have infringed the Asserted Patents. Answering Defendants are without knowledge sufficient to form a belief as to

the truth or falsity of the remaining allegations set forth in Paragraph 15, and on that basis deny them.

16. Plaintiff alleges: "Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Amazon Stores. On information and belief, Defendants regularly create new Amazon storefronts to allocate potential liability. Such Defendant Amazon Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down."

RESPONSE: Answering Defendants deny the allegations in Paragraph 16 as they relate to Answering Defendants. Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 16, and on that basis deny them.

17. Plaintiff alleges: "Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Amazon Stores. The Defendant Amazon Stores include notable common features beyond selling the exact same infringing product, including the same product images, accepted payment methods, lack of contact information, identically or similarly priced items and volume sales discounts, the same incorrect grammar and misspellings, and the use of the same text and images."

10

RESPONSE: Answering Defendants deny the allegations in Paragraph 17 as they relate to Answering Defendants. Answering Defendants deny that their Amazon storefronts are part of any common network, common operation, or coordinated scheme with any other Defendant. Answering Defendants further deny that any alleged similarities in product images, pricing, descriptions, payment methods, contact information, grammar, or text establish infringement, common control, concerted action, or any basis for joint liability. Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations concerning other Defendants, and on that basis deny them.

18. Plaintiff alleges: "In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by United States Customs and Border Protection."

RESPONSE: Answering Defendants deny the allegations in Paragraph 18 as they relate to Answering Defendants. Answering Defendants specifically deny that they have used aliases, created new marketplace accounts to evade enforcement efforts, or shipped products in small quantities for the purpose of

minimizing detection by U.S. Customs and Border Protection. Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations concerning other Defendants or other cases, and on that basis deny them.

19.    Plaintiff alleges: "Further, infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of DJT's enforcement efforts, such as take down notices. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore infringers regularly move funds from U.S.-based PayPal accounts to China-based bank accounts outside the jurisdiction of this Court."

RESPONSE: Answering Defendants deny the allegations in Paragraph 19 as they relate to Answering Defendants. Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations concerning other Defendants, other entities, or other cases, and on that basis deny them.

20.    Plaintiff alleges: "Defendants, without any authorization or license from DJT, have knowingly and willfully offered for sale, sold, and/or imported

into the United States for subsequent resale or use products that infringe the Patents-in-Suit, and continue to do so via the Defendant Amazon Stores. Each Defendant Amazon Store offers shipping to the United States, including Georgia, and, on information and belief, each Defendant has sold Infringing Products into the United States, including Georgia."

RESPONSE: Answering Defendants deny the allegations in Paragraph 20 as they relate to Answering Defendants. Answering Defendants specifically deny that they have knowingly or willfully infringed any valid and enforceable claim of the Asserted Patents, deny that they have offered for sale, sold, or imported any infringing product into the United States or Georgia, and deny that they continue to engage in any infringing conduct. Answering Defendants deny that any authorization or license from Plaintiff is required because Answering Defendants deny infringement and deny that Plaintiff has established any valid and enforceable patent rights covering Answering Defendants' products. Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations concerning other Defendants, and on that basis deny them.

21. Plaintiff alleges: "Defendants' infringement of the Patents-in-Suit in the offering to sell, selling, or importing of the Infringing Products is willful."

RESPONSE: Answering Defendants deny the allegations in Paragraph 21. Answering Defendants specifically deny that they have infringed, willfully or otherwise, any valid and enforceable claim of the Asserted Patents.

22.    Plaintiff alleges: "Defendants' infringement of the Patents-in-Suit in connection with the offering to sell, selling, or importing of the Infringing Products, including the offering for sale and sale of Infringing Products in Georgia, is irreparably harming DJT."

RESPONSE: Answering Defendants deny the allegations in Paragraph 22. Answering Defendants specifically deny that they have infringed any valid and enforceable claim of the Asserted Patents, deny that Plaintiff has suffered irreparable harm as a result of any conduct by Answering Defendants, and deny that Plaintiff is entitled to injunctive relief.

RESPONSE TO "COUNT I: DESIGN PATENT INFRINGEMENT (35 U.S.C. § 271)"

23.    Plaintiff alleges: "DJT hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs."

RESPONSE: Paragraph 23 of the Complaint does not contain independent factual allegations requiring a response. To the extent that a response is required, Answering Defendants restate and incorporate by reference their responses to the above paragraphs as if fully set forth herein.

24.    Plaintiff alleges: "Defendants offer for sale, sell, and/or import into the United States for subsequent resale or use Infringing Products that infringe the ornamental design claimed in the Design Patent, as exemplified below and in Exhibit 4:

| Claimed Design for D1,048,627 | Exemplary Basis of Infringement |
|---|---|
|  FIG. 1 | |

"

RESPONSE: Answering Defendants admit that a document identified as Exhibit 4 is attached to the Complaint, and that Paragraph 24 includes images and a chart purporting to compare the D627 Patent with certain products. Answering Defendants deny the remaining allegations set forth in Paragraph 24.

25.    Plaintiff alleges: "Defendants have infringed the Design Patent through the aforesaid acts and will continue to do so unless enjoined by this

Court. Defendants' infringing conduct has caused DJT to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. DJT is entitled to injunctive relief pursuant to 35 U.S.C. § 283."

RESPONSE: Answering Defendants deny the allegations of Paragraph 25 of the Complaint.

26.    Plaintiff alleges: "Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting on in active concert therewith from infringing the Design Patent, DJT will continue to be irreparably harmed."

RESPONSE: Answering Defendants deny the allegations of Paragraph 26 of the Complaint.

27.    Plaintiff alleges: "DJT is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. DJT is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284."

RESPONSE: Answering Defendants deny the allegations of Paragraph 27 of the Complaint.

RESPONSE TO "COUNT II: UTILITY PATENT INFRINGEMENT (35 U.S.C. § 271)"

16

28. Plaintiff alleges: "DJT hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs."

RESPONSE: Paragraph 28 of the Complaint does not contain independent factual allegations requiring a response. To the extent that a response is required, Answering Defendants restate and incorporate by reference their responses to the above paragraphs as if fully set forth herein.

29. Plaintiff alleges: "Defendants offer for sale, sell, and/or import into the United States the Infringing Products which infringe one or more claims of the Utility Patent, either literally and/or under the doctrine of equivalents."

RESPONSE: Answering Defendants deny the allegations of Paragraph 29 of the Complaint.

30. Plaintiff alleges: "For example, the Infringing Products meet each and every limitation of at least Claim 1 of the Utility Patent. An exemplary infringement chart is attached as Exhibit 5."

RESPONSE: Answering Defendants deny the allegations of Paragraph 30 of the Complaint.

31. Plaintiff alleges: "Pursuant to 35 U.S.C. § 284, Plaintiff is entitled to recover damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the court."

RESPONSE: Answering Defendants deny the allegations of Paragraph 31 of the Complaint.

### RESPONSE TO "PRAYER FOR RELIEF"

Plaintiff requests the following relief: "WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

1. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. offering for sale, selling, and importing any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the design claimed in the Patents-in-Suit;

b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Patents-in-Suit; and

c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2. Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon.com, Temu.com, eBay.com, Walmart.com, web hosts, sponsored search engine

or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

a. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods that infringe the Patents-in-Suit;

b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Patents-in-Suit; and

c. take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index;

3. That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for infringement of the Patents-in-Suit, and all of the profits realized by Defendants, or others acting in concert or participation with Defendants, from Defendants' unauthorized use and infringement of the Patents-in-Suit;

19

4. That Plaintiff be awarded from Defendants, as a result of Defendants' willful infringement of the Patent-in-suit, up to three times the amount found or assessed, after an accounting, pursuant to 35 USC § 284;

5. That Plaintiff be awarded its reasonable attorneys' fees and costs; and

6. Award any and all other relief that this Court deems just and proper."

RESPONSE: No response is required to Plaintiff's Prayer for Relief. To the extent that a response is deemed required, Plaintiff is not entitled to the requested relief identified in its Prayer for Relief, or any other relief in connection with this civil action. Plaintiff's request should therefore be denied in its entirety and with prejudice.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Defendants Shenzhen Jushengji Trading Co., Ltd. d/b/a Yokane and Ningbo Zhongsitengbo Trading Co., Ltd. d/b/a JOTENBO (collectively, "Answering Defendants"), without assuming any burden of proof that would otherwise rest with Plaintiff Dongguan Jiajieshi Technology Co., Ltd. ("Plaintiff" or "DJT"), assert the following affirmative and other defenses pursuant to Fed. R. Civ. P. 8(c). Answering Defendants reserve all rights to amend, supplement, withdraw, or modify these defenses as their investigation continues, as Plaintiff serves infringement contentions, and as discovery proceeds:

## FIRST AFFIRMATIVE DEFENSE

(Patent Non-Infringement)

Answering Defendants have not infringed and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of U.S. Patent No. 12,402,770 (the "'770 Patent").

Answering Defendants have not infringed and do not infringe, directly or indirectly, U.S. Design Patent No. D1,048,627 (the "D627 Patent") under the ordinary-observer test or any other theory of design-patent infringement.

## SECOND AFFIRMATIVE DEFENSE
(Patent Invalidity)

Plaintiff's claims are barred in whole or in part because each asserted claim of the Asserted Patents is invalid for failure to comply with one or more requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, and, as applicable, § 171.

## THIRD AFFIRMATIVE DEFENSE
(Prosecution History Disclaimer, Estoppel, and Limited Claim Scope)

Plaintiff's claims are barred or limited, in whole or in part, by the claims, specifications, drawings, prosecution histories, disclaimers, representations, amendments, arguments, and admissions made during prosecution of the Asserted Patents or any related applications. Plaintiff is barred from asserting any interpretation of the Asserted Patents broad enough to cover Answering Defendants' products.

## FOURTH AFFIRMATIVE DEFENSE

21

(No Willful Infringement)

Plaintiff cannot establish willful infringement. Answering Defendants have not acted willfully, deliberately, intentionally, egregiously, or in bad faith with respect to either Asserted Patent, and enhanced damages under 35 U.S.C. § 284 are unavailable.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mark; No Pre-Suit Damages)

To the extent applicable, Plaintiff's recovery of damages is limited by 35 U.S.C. § 287 and related notice requirements. Plaintiff is not entitled to damages for any alleged infringement occurring before Answering Defendants received legally sufficient notice of the alleged infringement. Any recovery is further limited by 35 U.S.C. § 286.

## SIXTH AFFIRMATIVE DEFENSE
### (Functional Design and Limited Scope of Design Patent)

Plaintiff's claims based on the D627 Patent are barred or limited because the claimed design includes features dictated primarily by function rather than ornamentation. To the extent any claimed features are functional, they are not entitled to design-patent protection, and the scope of the D627 Patent is limited accordingly.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Damages; No Disgorgement; No Double Recovery)

22

Plaintiff is not entitled to damages, disgorgement of profits, lost profits, a reasonable royalty, or any other monetary relief from Answering Defendants. Any recovery must be limited as required by law, including to avoid duplicative recovery under 35 U.S.C. §§ 284 and 289.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Injunctive Relief)

Plaintiff is not entitled to injunctive relief because it cannot satisfy the requirements for equitable relief under 35 U.S.C. § 283, including irreparable harm, inadequacy of legal remedies, balance of hardships, and public interest.

## NINTH AFFIRMATIVE DEFENSE
### (Not an Exceptional Case)

This is not an exceptional case under 35 U.S.C. § 285, and Plaintiff is not entitled to attorneys' fees.

## TENTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

Plaintiff's Complaint fails, in whole or in part, to state claims upon which relief may be granted, including claims for damages, enhanced damages, injunctive relief, attorneys' fees, costs, or other relief.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

Answering Defendants give notice that they intend to rely on any other matter constituting an avoidance or affirmative defense under Fed. R. Civ. P. 8(c) or other applicable law. Answering Defendants reserve the right to seek

leave to amend, supplement, withdraw, or modify these defenses as their investigation continues, as Plaintiff serves infringement contentions, and as discovery proceeds.

REQUEST FOR RELIEF ON PLAINTIFF'S CLAIMS

WHEREFORE, Answering Defendants respectfully request that the Court enter judgment in their favor and against Plaintiff as follows:

a. That Plaintiff take nothing by way of its Complaint;

b. That the Complaint be dismissed with prejudice as to Answering Defendants;

c. That judgment be entered in favor of Answering Defendants on Plaintiff's claims;

d. That the Court declare that Answering Defendants have not infringed and do not infringe any valid and enforceable claim of the Asserted Patents;

e. That the Court declare the Asserted Patents invalid;

f. That the Court deny Plaintiff's request for temporary, preliminary, and permanent injunctive relief, third-party relief, damages, enhanced damages, disgorgement of profits, attorneys' fees, costs, and any other relief;

g. That Answering Defendants be awarded their costs and attorneys' fees to the maximum extent permitted by law; and

h. That the Court grant such other and further relief as it deems just and proper.

## COUNTERCLAIMS

In accordance with Rule 13 of the Federal Rules of Civil Procedure, Defendants Shenzhen Jushengji Trading Co., Ltd. d/b/a Yokane and Ningbo Zhongsitengbo Trading Co., Ltd. d/b/a JOTENBO (collectively, "Counterclaimants" or "Answering Defendants") hereby allege and assert the following Counterclaims against Plaintiff Dongguan Jiajieshi Technology Co., Ltd. ("Counterclaim Defendant," "Plaintiff," or "DJT").

## THE PARTIES

1. Counterclaimant Shenzhen Jushengji Trading Co., Ltd. is a company organized and existing under the laws of the People's Republic of China and does business as Yokane. Plaintiff named Yokane as a Defendant in this action.

2. Counterclaimant Ningbo Zhongsitengbo Trading Co., Ltd. is a company organized and existing under the laws of the People's Republic of China and does business as JOTENBO. Plaintiff named JOTENBO as a Defendant in this action.

3. According to Plaintiff's Complaint, Counterclaim Defendant Dongguan Jiajieshi Technology Co., Ltd. is a business entity with a principal place of business in Dongguan, China.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

5. An actual, immediate, and justiciable controversy exists between Counterclaimants and DJT concerning whether Counterclaimants have infringed or are infringing U.S. Design Patent No. D1,048,627 (the "D627 Patent") and any valid and enforceable claim of U.S. Patent No. 12,402,770 (the "'770 Patent"), and whether the Asserted Patents are valid and enforceable.

6. This Court has personal jurisdiction over DJT because DJT voluntarily filed this action in this District and has submitted itself to the jurisdiction of this Court.

7. Venue is proper for these Counterclaims because DJT selected this forum by filing this action in this District and because these Counterclaims arise from the same case or controversy as DJT's claims.

## FACTUAL BACKGROUND

8. Plaintiff filed this action alleging that Counterclaimants infringe U.S. Design Patent No. D1,048,627 (the "D627 Patent") and U.S. Patent No. 12,402,770 (the "'770 Patent") (collectively, the "Asserted Patents").

9. Plaintiff alleges that it is the named applicant and assignee of the D627 Patent.

10. Plaintiff alleges that it is the named applicant and assignee of the '770 Patent.

11. Plaintiff alleges that Counterclaimants' accused products infringe the D627 Patent.

12. Plaintiff alleges that Counterclaimants' accused products infringe one or more claims of the '770 Patent.

13. Counterclaimants deny that they have infringed, directly or indirectly, any valid and enforceable claim of either Asserted Patent.

14. Counterclaimants further deny that Plaintiff is entitled to damages, disgorgement of profits, enhanced damages, injunctive relief, third-party relief, attorneys' fees, costs, or any other relief against Counterclaimants.

15. Counterclaimants contend that the Asserted Patents are invalid for failure to satisfy one or more requirements of Title 35 of the United States Code.

16. Accordingly, an actual, immediate, and justiciable controversy exists between Counterclaimants and Plaintiff regarding infringement and validity of the Asserted Patents.

## COUNT I
### (Declaratory Judgment of Non-Infringement of U.S. Design Patent No. D1,048,627)

17. Counterclaimants incorporate by reference the allegations in the preceding paragraphs as though fully set forth herein.

18. Counterclaimants have not infringed and do not infringe, directly or indirectly, the claimed design of the D627 Patent.

19. Counterclaimants' accused products are not substantially the same as the design claimed in the D627 Patent under the ordinary-observer test.

20. Any alleged similarities between Counterclaimants' accused products and the D627 Patent are limited to functional, generic, common, or prior-art features that do not establish design-patent infringement.

21. With respect to Yokane, the back of Yokane's accused product has no vertical seams, whereas the claimed design of the D627 Patent has vertical seams. Yokane's accused product also differs from the claimed design of the D627 Patent in its central and side markings. The front of Yokane's accused product also differs from the claimed design of the D627 Patent in at least the number and orientation of its central markings and the number of its strip transitions.

22. With respect to JOTENBO, JOTENBO's accused product differs from the claimed design of the D627 Patent in its front appearance, including at least a more uniform and linear strip arrangement, fewer exposed purple strip patterns, and a different overall visual impression from the claimed design.

23. Counterclaimants are entitled to a declaratory judgment that they have not infringed and do not infringe the D627 Patent.

## COUNT II
(Declaratory Judgment of Invalidity of U.S. Design Patent No. D1,048,627)

24. Counterclaimants incorporate by reference the allegations in the

preceding paragraphs as though fully set forth herein.

25. An actual, immediate, and justiciable controversy exists between Counterclaimants and Plaintiff concerning the validity of the D627 Patent.

26. The D627 Patent is invalid for failure to satisfy one or more requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 102, 103, 112, and 171.

27. U.S. Design Patent No. D846,213 S, attached as **Exhibit A**, discloses a prior ornamental design for a cleaning pad having a long rectangular pad configuration, longitudinal central features, side strip or border features, and repeated wavy strip patterns extending along the length of the pad.

28. U.S. Design Patent No. D901,805 S, attached as **Exhibit B**, discloses a prior ornamental design for a cleaning article having a long rectangular cleaning-article configuration, a longitudinal central region, side border features, and repeated wavy strip patterns along opposing sides of the central region.

29. U.S. Design Patent No. D1,048,624 S, attached as **Exhibit C**, discloses a cleaning-wipe design with raised and layered strip-like elements, side strip features, and a multi-layer cleaning surface appearance. Counterclaimants rely on D1,048,624 as additional evidence of prior cleaning-pad and cleaning-wipe design features, including functional, common, and crowded-field elements relevant to the validity and scope of the D627 Patent.

30. The claimed design of the D627 Patent is invalid, including because it would have been obvious to an ordinary designer in view of D846,213, D901,805, D1,048,624, other prior designs, prior products, prior publications, and the knowledge of an ordinary designer.

31. The claimed design of the D627 Patent includes features dictated primarily by function rather than ornamentation. To the extent claimed features are functional, generic, common, or drawn from the prior art, they are not entitled to design-patent protection, and the scope of the D627 Patent is limited accordingly.

32. The foregoing invalidity allegations and referenced prior art are preliminary, exemplary, and non-limiting. Counterclaimants reserve all rights to supplement, amend, or revise their design-patent invalidity positions, prior-art references, defenses, and claim-scope positions as this case proceeds, including after discovery, after production of prosecution-history materials, after expert analysis, and after any design-patent claim-scope proceedings.

33. By alleging infringement of the D627 Patent, Plaintiff necessarily asserts that the D627 Patent is valid and enforceable. Counterclaimants deny that assertion.

34. An actual, immediate, and justiciable controversy exists between Counterclaimants and Plaintiff concerning the validity of the D627 Patent.

35. Counterclaimants are entitled to a declaratory judgment that the

D627 Patent is invalid.

## COUNT III
(Declaratory Judgment of Non-Infringement of U.S. Patent No. 12,402,770)

36. Counterclaimants incorporate by reference the allegations in the preceding paragraphs as though fully set forth herein.

37. Counterclaimants have not infringed and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '770 Patent.

38. Based on Counterclaimants' investigation to date, and without limitation, Counterclaimants' accused products do not meet each and every limitation of any asserted claim of the '770 Patent, either literally or under the doctrine of equivalents.

39. Among other reasons, Counterclaimants' accused products do not meet at least the limitation requiring that "a length of the first strips on the second part is greater than that of the first strips on the first part and that of the first strips on the third part."

40. With respect to Shenzhen Jushengji Trading Co., Ltd. d/b/a Yokane ("Yokane"), and based on Counterclaimants' investigation to date, the accused Yokane product does not meet at least the limitation identified above because, among other reasons, under Plaintiff's apparent or potential mapping of the alleged first part, alleged second part, and alleged third part, the alleged

second-part strips are not greater in length than both the alleged first-part strips and the alleged third-part strips.

41. With respect to Ningbo Zhongsitengbo Trading Co., Ltd. d/b/a JOTENBO ("JOTENBO"), and based on Counterclaimants' investigation to date, the accused JOTENBO product does not meet at least the limitation identified above because, among other reasons, under Plaintiff's apparent or potential mapping of the alleged first part, alleged second part, and alleged third part, the alleged second-part strips are not greater in length than both the alleged first-part strips and the alleged third-part strips.

42. Because claims 2–8 depend directly or indirectly from claim 1, and because Counterclaimants' accused products do not infringe claim 1 for at least the reasons stated above, Counterclaimants do not infringe dependent claims 2–8, either literally or under the doctrine of equivalents.

43. Counterclaimants are entitled to a declaratory judgment that they have not infringed and do not infringe the '770 Patent.

## COUNT IV
(Declaratory Judgment of Invalidity of U.S. Patent No. 12,402,770)

44. Counterclaimants incorporate by reference the allegations in the preceding paragraphs as though fully set forth herein.

45. An actual, immediate, and justiciable controversy exists between Counterclaimants and Plaintiff concerning the validity of the '770 Patent.

46. Each asserted claim of the '770 Patent is invalid for failure to satisfy one or more requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

47. On information and belief, the asserted claims of the '770 Patent are anticipated by, obvious in view of, or otherwise invalid over prior art, including prior patents, prior publications, prior products, prior sales, prior offers for sale, and/or prior public uses.

48. U.S. Patent Pub. No. 2008/0028560 A1 (Policicchio) (**Exhibit D**), published February 7, 2008, discloses a layered cleaning and dusting article having a first sheet material, a second sheet material, an absorbent core between them, and a function layer of paired layers bearing a plurality of strips that extend away from a center with unconnected outer ends. During prosecution of the '770 Patent, the Examiner mapped this reference to the basic architecture of claim 1, including its three-part, multi-layer strip structure.

49. U.S. Patent Pub. No. 2018/0289234 A1 (Policicchio) (**Exhibit E**), published October 11, 2018, discloses a floor-cleaning article having first and second sheet materials, a core between them, a function layer comprising at least three parts each having at least two layers, and strips extending from a center toward the perimeter. This reference further teaches that varying the lengths of the strips improves cleaning efficacy by allowing the strips to move independently — the differential-length feature that the applicant relied on as

33

the alleged point of novelty.

50. U.S. Patent No. 11,229,343 B2 (Policicchio) (**Exhibit F**), issued January 25, 2022, discloses a cleaning article having a sheet, a core, and a multi-layer gather-strip element using multiple strip materials and folded plies to provide multiple layers, with strips of differing lengths to improve independent strip movement. This reference is of particular relevance because the '770 Patent itself characterizes a related member of this same patent family as prior technology.

51. German Patent Pub. No. DE 10 2009 029 049 A1 (Bleuel) (**Exhibit G**), published March 24, 2011, discloses a multi-layer mop cleaning cover having more than two fabric layers, overlapping and overhanging regions, hollow regions, and freely movable strips formed by incisions, with the strips of adjacent layers offset from one another and used for both dry and wet cleaning. The Examiner identified this reference as disclosing a cleaning pad having a function layer of three parts.

52. U.S. Patent No. 5,855,204 A (Gray) (**Exhibit H**), issued January 5, 1999, discloses a multi-layer mop having a vertical stack of water-absorbing layers bound at their centers, with peripheral cuts forming outwardly-extending fingers, the cuts of each layer staggered relative to adjacent layers, and the fingers free to move during use.

53. U.S. Patent No. 6,766,552 B1 (Policicchio) (**Exhibit I**), issued July

27, 2004, discloses a removable cleaning pad having a scrubbing layer and a multi-layer absorbent layer that together present multiple cleaning surfaces and edges contacting the surface during cleaning.

54. U.S. Patent No. 7,181,801 B1 (Kresse) (**Exhibit J**), issued February 27, 2007, discloses an absorbent cleaning structure having distinct regions that are primarily cleaning-active or primarily absorbent, together with strips of highly absorbent material held in a cavity — confirming that the use of different regions to provide different cleaning and absorbing functions was already known.

55. U.S. Patent Pub. No. 2019/0343365 A1 (Tsuchiya) (**Exhibit K**), published November 14, 2019, discloses a cleaning element having nonwoven sheets with strips, fusion-bonded parts, fixed and free ends, and strip portions of differing lengths to improve contact with the surface being cleaned.

56. Each of the foregoing references is in the same field as the '770 Patent and addresses the same problems of debris removal, liquid absorption, surface contact, and independent strip movement. The asserted claims do no more than combine these known elements to yield predictable results, and are therefore invalid under 35 U.S.C. § 103, and anticipated under § 102 to the extent disclosed in a single reference.

57. On information and belief, one or more asserted claims of the '770 Patent are invalid under 35 U.S.C. § 112, including for indefiniteness, lack of

35

written description, and/or lack of enablement.

58. Counterclaimants are entitled to a declaratory judgment that the asserted claims of the '770 Patent are invalid under one or more provisions of Title 35 of the United States Code, including at least 35 U.S.C. §§ 102, 103, and/or 112.

PRAYER FOR RELIEF

WHEREFORE, Counterclaimants Shenzhen Jushengji Trading Co., Ltd. d/b/a Yokane and Ningbo Zhongsitengbo Trading Co., Ltd. d/b/a JOTENBO respectfully request that the Court enter judgment in their favor and against Plaintiff/Counterclaim Defendant Dongguan Jiajieshi Technology Co., Ltd. as follows:

A. Declaring that Counterclaimants have not infringed and do not infringe, directly or indirectly, U.S. Design Patent No. D1,048,627;

B. Declaring that U.S. Design Patent No. D1,048,627 is invalid;

C. Declaring that Counterclaimants have not infringed and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of U.S. Patent No. 12,402,770;

D. Declaring that one or more asserted claims of U.S. Patent No. 12,402,770 are invalid;

E. Dismissing Plaintiff's Complaint against Counterclaimants with prejudice;

36

F. Denying Plaintiff's requests for temporary, preliminary, and permanent injunctive relief, third-party relief, damages, enhanced damages, disgorgement of profits, attorneys' fees, costs, and any other relief;

G. Finding this case exceptional and awarding Counterclaimants their reasonable attorneys' fees, expenses, and costs pursuant to 35 U.S.C. § 285; and

H. Granting such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Counterclaimants hereby demand a trial by jury on all issues so triable.

Date: June 8, 2026                    /s/ Hal J. Leitman

Hal J. Leitman, Esq.
Rountree Leitman Klein & Geer, LLC
Century Plaza I
2987 Clairmont Road, Suite 350 Atlanta,
Georgia 30329
hleitman@rlkglaw.com
(404)856-0540


Wei Wang (Pro Hac Pending)
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
wei.wang@glacier.law
(212) 729-5073

37

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 5.1(C), N.D. Ga., undersigned counsel certifies that this filing has been prepared using 14-point Century Schoolbook font.

/s/ Hal J. Leitman
Hal J. Leitman, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2026, this was filed with the Clerk of the Court using CM/ECF, and that all counsel of record are being served in accordance with the Federal Rules of Civil Procedure.

/s/ Hal J. Leitman
Hal J. Leitman, Esq.